United States District Court
Eastern District of Michigan

United States of America,

        Plaintiff,

                                 Hon. Denise Page Hood

v.

                                 Case No. 16-20062

D-1 Jerome Adam Hamilton,
D-5 Martel Donte Strong,
D-12 William Shawn Steele,
D-13 Roderek Perry,

        Defendants.

_____/

## Government's Proposed Preliminary Jury Instructions

The government proposes that the Court provide the attached

preliminary jury instructions.

                                 Respectfully submitted,

                                 Daniel L. Lemisch
                                 Acting United States Attorney

                                 /s/ Shane Cralle
                                 Eaton P. Brown
                                 Shane Cralle
                                 Michael Heesters
                                 Assistant United States Attorneys
                                 211 West Fort Street, Suite 2001
                                 Detroit, MI 48226
                                 Phone: (313) 226-9100
                                 Email: shane.cralle@usdoj.gov

1

**Introduction**

(1)  Members of the jury, now that you have been sworn, I will give

you some preliminary instructions to guide you during the trial.

(2)  I will start by explaining your duties and some general rules that

apply in every criminal case.

(3)  Then I will briefly describe the crimes that the defendants are

accused of committing. These are only preliminary, or

introductory, instructions. They do not describe every aspect of the

law concerning the evidence or the charged crimes. I will give you

detailed instructions on the law at the end of the case, and those

instructions will control your deliberations and decision.

(4)  Please listen very carefully to everything I say.

**Jurors' Duties**

(1)     You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you see and hear in court. Deciding what the facts are is your job, not mine. Nothing I may say or do during the course of the trial is meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proven that the defendants are guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I give you before, during, and at the close of trial. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

(4)    Perform these duties fairly. Do not let any bias, sympathy, or

prejudice that you may feel toward one side or the other influence

your decision in any way.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)   As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

(2)   Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with the defendants unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that the defendants are guilty.

(3)   This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

(4)    The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)    Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proven the defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**Evidence Defined**

(1)   You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)   The evidence in this case includes only what the witnesses say while they are testifying under oath, the exhibits that I allow into evidence, any stipulations that the lawyers agree to, and any facts that I may judicially notice.

(3)   Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)   During the trial I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I may order you to disregard things that you see or hear, or I may strike things from the record. You must completely ignore all of these things. Do not even think about them. Do not

7

speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)  Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Direct and Circumstantial Evidence**

(1)    Now, some of you may hear or may have previously heard the

terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an

eyewitness which, if you believe it, directly proves a fact. If a

witness testified that he saw it raining outside, and you believed

him, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that

indirectly proves a fact. If someone walked into the courtroom

wearing a raincoat covered with drops of water and carrying a wet

umbrella, that would be circumstantial evidence from which you

could conclude that it was raining.

(4)    It is your job to decide how much weight to give the direct and

circumstantial evidence. The law makes no distinction between

the weight that you should give to either one, or says that one is

any better evidence than the other. You should consider all the

evidence, both direct and circumstantial, and give it whatever

weight you believe it deserves.

**Introduction: Summary of Counts and the Law**

I will give you detailed instructions on the law at the end of the case.

Those instructions will control your deliberations and decision, and

those instructions will list all of the elements that the government

needs to prove beyond a reasonable doubt for you to find the defendants

guilty for each count. But in the meantime, in order to help you follow

the evidence during the trial, I will now give you a brief summary of the

crimes charged in the indictment that the government must prove to

make its case.

**Count One: RICO Conspiracy**

Count One charges defendants Jerome Hamilton, Martel Strong, William Steele, and Roderek Perry with a RICO conspiracy. More specifically, Count One charges that from about 2006 until about 2016, Jerome Hamilton, Martel Strong, William Steele, and Roderek Perry, and other members or associates of the Rollin 60s Crips knowingly conspired, or agreed, to conduct the affairs of an enterprise through a pattern of racketeering activity that included the crimes of murder, robbery, carjacking, arson, distributing controlled substances, possessing controlled substances with intent to distribute, and conspiring to distribute controlled substances or to possess controlled substances with intent to distribute.

**Count Two: Assault with a Dangerous Weapon in Aid of Racketeering**

Count Two charges defendant Jerome Hamilton with aiding and abetting the assault of Jvon Clements on March 29, 2011, with a dangerous weapon in aid of racketeering.

## Count Three: Using and Carrying a Firearm During and In Relation to a Crime of Violence

Count Three charges defendant Jerome Hamilton with aiding and abetting the use, brandish, and discharge of a firearm during the assault of Jvon Clements on March 29, 2011.

## Count Four: Murder in Aid of Racketeering

Count Four charges defendants Jerome Hamilton and Roderek Perry with the murder of Kiontae Atkins on August 8, 2011, in aid of racketeering.

## Count Five: Using and Carrying a Firearm During and In Relation to a Crime of Violence Causing Death

Count Five charges defendants Jerome Hamilton and Roderek Perry with the use of a firearm causing the death of Kiontae Atkins on August 8, 2011.

**Count Eight: Assault with a Dangerous Weapon in Aid of Racketeering**

Count Eight charges defendant Roderek Perry with the assault of Ladale Bain on June 20, 2012, with a dangerous weapon in aid of racketeering.

**Count Nine: Using and Carrying a Firearm During and In Relation to a Crime of Violence**

Count Nine charges defendant Roderek Perry with the use, brandish, and discharge of a firearm during the assault of Ladale Bain on June 20, 2012.

**Conduct of the Jury**

(1)   Now, a few words about your conduct as jurors.

(2)   You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals involved in the case.

(3)   In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

(4)   Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

(5)   I know that many of you use cell phones, smart phones, tablets, computers, the internet, and other tools of technology. You also

must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about this case, including through email or text messaging, on your cell phone, smart phone, tablet, or computer, or through any blog or website, including social media sites such as Facebook, Twitter, Google+, My Space, LinkedIn, or YouTube. Nor may you communicate with anyone about this case using any other type or types of technology or social media, even if I have not specifically mentioned it here.

(6)    I expect you will inform me as soon as you become aware of another juror's violation of any of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

(7)    Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

(8)    I hope that for all of you this case is interesting and noteworthy.

15

**Course of the Trial**

(1)     The trial will now begin. First the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next the defendants' attorneys may, but do not need to, make their opening statements. Opening statements are neither evidence nor arguments.

(2)     The government will then present its witnesses, and counsel for the defendants may cross-examine them. Following the government's case, the defendants may, if they wish, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will retire to deliberate on your verdict.