ORIGINAL

**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

Plaintiff,

v.

D-1 Jerome Hamilton,

Defendant.
_______________________________/

Hon. Denise Page Hood
Criminal No. 16-20062

**Offense:**
Count 1: RICO conspiracy, 18 U.S.C. § 1962(d).
Count 5: Using a firearm during and in relation to a crime of violence causing death, 18 U.S.C. § 924(j).

**Minimum / Maximum Penalty:**
Count 1: Up to life in prison.
Count 5: No less than ten years and up to life in prison.

**Maximum Fine:**
Counts 1 & 5: Up to $250,000.

**Supervised release:**
Counts 1 & 5: Two to five years.

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant, Jerome Hamilton, and the government agree as follows:

GOVERNMENT
EXHIBIT
1

## 1. Guilty Plea

### A. Counts of Conviction

Defendant will enter a plea of guilty to Counts One (RICO conspiracy) and Five (Using a Weapon During and in Relation to a Crime of Violence Causing Death) of the Superseding Indictment. The statutory citations, minimum, and maximum penalties are set forth in the case caption.

### B. Elements of Offense

The elements of **Count One** are:

1. An enterprise existed, as described in the indictment;
2. The defendant was associated with the enterprise;
3. The enterprise was engaged in or its activities affected interstate or foreign commerce;
4. The defendant knowingly agreed to participate in the conduct of the enterprise;
5. The defendant and at least one other conspirator agreed that the defendant or a conspirator would commit at least two acts

of racketeering in the conduct of the affairs of the enterprise; and

6. The conspiracy was based on racketeering activity for which the maximum penalty includes life imprisonment.

The elements of **Count Five** are:

1. The defendant committed or aided and abetted the commission of the elements of a crime of violence prosecutable in federal court (Count Four – murder in aid of racketeering);
2. The defendant, or others aided and abetted by the defendant, knowingly used a firearm causing death;
3. The use or carry of the firearm was during and in relation to the crime of violence.

### C. Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

The Westside Rollin 60s Neighborhood Crips ("Rollin 60s," "Crips") is a street gang (an association-in-fact enterprise) formed in the Hyde Park area of south Los Angeles, California, in the mid-1970s. One

of the largest gangs in the country, the Rollin 60s is made up of multiple subsets or cliques which are located around the country, including in Denver, Colorado, Baltimore, Maryland, and Houston, Texas. In 2008, Defendant Jerome Hamilton, a.k.a. "Staccz," started a line of the Rollin 60s in Detroit, Michigan. The Rollin 60s, which grew to 50–70 members and associates, operates primarily on the west side of Detroit in the vicinity of Seven Mile Road and Tracey Street.

The gang is divided into various lines or subsets. A line is a group of gang members directly under the leadership of a "Big Homie." Under each Big Homie, there are four additional ranks – "Lil," "Baby," "Tiny," and "Infant." A member's rank is based on a number of factors, including the amount of time an individual has been in the gang, the "fear" a member brings to other members, and the amount of "work," or criminal activity (a.k.a., "missions") a person commits on behalf of the gang.

Jerome Hamilton led the violent "Maniac" line of the gang, with co-defendant Darriyon Mills serving as his second-in-command. Mills led the Maniac line in Hamilton's absence and discussed gang activities with Hamilton during this period. The leaders of the other Rollin 60s

lines in Detroit also discussed gang activities with Hamilton. Hamilton recruited members to the gang, and he approved the recruitment of members by others. As leader of the gang, Hamilton issued "violations" to Rollin 60s Crips who did not follow orders or violated gang rules. Hamilton, as the person responsible for oversight of the Maniac line of the Rollin 60s, agreed to participate in the conduct of the Rollin 60s Crips with the knowledge and intent that members of the conspiracy would commit at least two racketeering acts in furtherance of the enterprise.

On August 8, 2011, Hamilton and fellow Big Homie, Jonathan Barber, received a call from Rollin 60s members Roderek Perry, a.k.a Hoodlum, and Torian Brinson, a.k.a. T-Murda, that Perry's brother had been robbed by members of a rival gang, the Joy Road "Hit Squad." Hamilton and Barber drove to Perry's house and discussed the altercation. Brinson advised that he had guns stored nearby in a stash house, and Hamilton drove the three Rollin 60s Crips members to the house to retrieve the guns. Hamilton returned to Joy Road to look for the robbers. Perry identified several people near Carlin and Belton Streets. Hamilton drove Barber, Brinson, and Perry to Carlin Street,

told them to shoot when he pulled up, and then drove down Carlin Streets as the others shot into a crowd of people. In the process, a 34-year-man, Kiontae Atkins, was shot and killed. (R. 194: SS Ind. Overt Acts 20–21, at p. 14–15).

Hamilton also sold drugs on behalf of the Rollin 60s Crips. This included marijuana. (R. 194: SS Ind. Overt Acts 25, 38, 47, at p. 20, 22, 23). Hamilton used the proceeds of these drugs sales, in part, as well as the sales of other Rollin 60s members to fund the gang's activities.

**2. Sentencing Guidelines**

**A. Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

**B. Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, Defendant's guideline range is **life followed by a mandatory minimum of 120 months' imprisonment**, as set forth on the attached worksheets. If the Court finds:

a) that Defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **life followed by a mandatory minimum of 120 months' imprisonment**, the higher guideline range becomes the agreed range. But if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination of subsections a) and b), above.

## 3. Sentence

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A. Imprisonment

**The parties acknowledge that the Court must sentence the defendant to at least the mandatory minimum of ten years on Count Five. Moreover, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the parties also agree that the combined sentence in this case may not be less than 360 months' imprisonment or exceed 420 months' imprisonment.**

The defendant agrees as a condition of this plea agreement to accept full responsibility for his conduct. This includes an obligation to acknowledge his conduct to any victims or their families by the time of sentencing. If the defendant fails to comply with this term of the plea agreement, it will be considered a breach of the plea agreement, and any charges dismissed pursuant to this agreement can be reinstated under the terms of Paragraph 8.

**B. Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release of no less than two years but no more than five years. The agreement concerning imprisonment in Paragraph 3A does not apply to any term of imprisonment which results from any later revocation of supervised release.

**C. Special Assessment**

Defendant will pay a special assessment of **$200**.

**D. Fine**

There is no agreement as to fines.

**E. Restitution**

There is currently no agreement as to a specific sum of restitution, however, at the time of sentencing, the Court shall order the defendant to pay restitution to all identifiable victims in this matter.

**4. <u>Forfeiture</u>**

Defendant agrees, pursuant to 18 U.S.C. § 1963(a), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) to the forfeiture of firearms, and any related ammunition, as property involved in violation of 18 U.S.C.

§1962(d) and/or 18 U.S.C. § 924(c). Defendant agrees to the entry of an order of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

In entering into the foregoing agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified

firearm as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

**5.     Other Charges**

If the Court accepts this agreement, the government will dismiss Counts Two, Three, and Four in this case.

**6.     Each Party's Right To Withdraw From This Agreement**

The Government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise Defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

**7.     Waiver of Appeal**

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part

3 of this agreement **(420 months)**, Defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the Government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that Defendant properly raises such claim by collateral review under 28 U.S.C. § 2255.

**8. Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If Defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the Government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against Defendant within six months after the date the order vacating Defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner,

including any claim that they were filed after the limitations period expired.

**9. Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**10. Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the Government to Defendant or to the attorney for the Defendant at any time before Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement

in writing with the Government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

**11. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on May 1, 2017**. The Government reserves the right to modify or revoke this offer at any time before Defendant pleads guilty.

DANIEL L. LEMISCH
Acting United States Attorney

Christopher Graveline
Assistant United States Attorney
Chief, Violent & Organized Crime Unit

Eaton P. Brown
Assistant United States Attorney

Date: May 1, 2017

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

Mark J. Kriger
Attorney for Defendant

Date: 5/1/17

Jerome Hamilton
Defendant

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2A1.1 | unlawful conduct relating to RICO (8/8/11 first degree murder) | 43 |
| | | |
| | | |
| | | |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1(a) | role in the offense | 4 |
| | | |
| | | |
| | | |

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
| --- | --- | --- | --- |
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

**3. ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

47

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.* ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.* ☐

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

**WORKSHEET A (Offense Levels)**

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2A1.1 | unlawful conduct relating to RICO (drug activity) | 19 |
| | | |
| | | |
| | | |
| | | |

**2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1(a) | role in the offense | 4 |
| | | |
| | | |
| | | |

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
| --- | --- | --- | --- |
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

23

***********************

*If this is the only Worksheet A, check this box and skip Worksheet B.* ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.* ☐

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

# WORKSHEET B (Multiple Counts)

**Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)
- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)
- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):
  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

| | Adjusted Offense Level | Units |
|---|---|---|
| 1. **GROUP ONE:** COUNT(S) 1, 5<br>ADJUSTED OFFENSE LEVEL | 47 | 1 unit |
| 2. **GROUP TWO:** COUNT(S) 1<br>ADJUSTED OFFENSE LEVEL | 23 | 0 unit |
| 3. **GROUP THREE:** COUNT(S) ______<br>ADJUSTED OFFENSE LEVEL | | 0 unit |
| 4. **GROUP FOUR:** COUNT(S) ______<br>ADJUSTED OFFENSE LEVEL | | unit |
| 5. **TOTAL UNITS** | | 1 units |

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

**6. INCREASE IN OFFENSE LEVEL**

1 unit ⟶ no increase
1 1/2 units ⟶ add 1 level
2 units ⟶ add 2 levels
2 1/2 – 3 units ⟶ add 3 levels
3 1/2 – 5 units ⟶ add 4 levels
> 5 levels ⟶ add 5 levels

0

**7. ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

47

## 8. COMBINED ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 6 and 7.

47

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): 2006

## 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):** **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):** **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):** **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| Dec 15, 2011 | | possession of marijuana | 90 days probation | | 1 |
| Jul 12, 2013 | | CCW | deferred | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

** A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

4. **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

2

5. **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

II

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

# WORKSHEET D (Guideline Range)

**1. (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B. **47**

**2. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)** **-3**

**3. TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2. **44**

**4. CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C. **II**

**5. CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total. [ ]

b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category. [ ]

**6. GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b. **life** months

| **Defendant:** | D-1 Jerome Hamilton | **Count:** | 1, 5 |
|---|---|---|---|
| **Docket No.:** | 16-20062 | **Statute(s):** | 18 U.S.C. 1962, 924 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

## WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

b. Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ] 2. No more than 3 years (total offense level < 6).

c. Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[X] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

**4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

[X] 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ] 4. The statute of conviction requires a minimum term of supervised release of ______ years.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5. RESTITUTION (U.S.S.G. § 5E1.1)**

[X] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $________________.

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $____________________. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $____________________. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

**6. FINE (U.S.S.G. § 5E1.2)**

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $50,000 | $500,000 |

| Defendant: | D-1 Jerome Hamilton | Count: | 1, 5 |
|---|---|---|---|
| Docket No.: | 16-20062 | Statute(s): | 18 U.S.C. 1962, 924 |

**7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $200.

**8. FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

**9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

A mandatory sentence of 120 months on Count 5 must run consecutively to any other sentence imposed.

**10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.