UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                        Criminal Case No. 16-20062
v.                                                          Civil Case No. 19-10097
                                                              HON. DENISE PAGE HOOD

JEROME ADAM HAMILTON,

    Defendant-Petitioner.
_____/

**ORDER DENYING DEFENDANT'S
MOTION UNDER 28 U.S.C. § 2255 [#622],
DENYING DEFENDANT'S REQUEST TO WITHDRAW
MOTION [#634], and DISMISSING WITH PREJUDICE
CIVIL CASE NO. 19-10097**

**I.    Introduction**

On May 1, 2017, pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to Counts 1 and 5 of the Superseding Indictment. [Dkt. No. 413] The undersigned imposed a sentence of 360 months. [Dkt. No. 554] Defendant filed a timely appeal of an Order to Strike [Dkt. No. 540], which the Sixth Circuit denied on January 3, 2019. [Dkt. No. 621]

On January 10, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). [Dkt. No. 622] The Government filed a response on March 14, 2019. In a letter dated March 29, 2019 and filed on April 8, 2019, Defendant requested that the 2255 Motion be

withdrawn (the "Request to Withdraw"). [Dkt. No. 634] The Government filed a response to the Request to Withdraw.

## II. Legal Standard

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U. S.*, 417 U.S. 333, 346 (1974).

### B. Ineffective Assistance of Counsel Claim

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.*

"There is a strong presumption that legal counsel is competent," *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), and "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). Further, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The

defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

**III. Analysis**

    **A.    Request to Withdraw**

After the Government responded to the 2255 Motion, Defendant filed the Request to Withdraw. Defendant states that "after seeing the scant arguments in light of the governing law, I realize that it was not my best interest to file the motion. Especially in light of the rules associated with the filing of subsequent § 2255 motions." [Dkt. No. 634, PgID 6204] Defendant indicated that he wished to withdraw the 2255 Motion so that he would not lose the ability to file such a Section 2255 motion in the future. *Id.*

As the Government argues, however, when a Section 2255 petitioner's "withdrawal [of the petition] was induced by the petition's impending failure on the merits," the 2255 motion still counts as a prior Section 2255. *In re Moore*, 735 F.App'x 883, 884 (6th Cir. 2018) (petitioner withdrew his Section 2255 motion after the magistrate judge issued a report recommending that the claim be dismissed with prejudice). *See also Provenzale v. United States*, 388 F.App'x 285,

287 (4th Cir. 2010) (withdrawn Section 2255 motion counts as a prior Section 2255 motion because it is "apparent the petitioner withdrew his motion to obtain a tactical advantage in the face of impending defeat."). "[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (Section 2255 motion was successive when petitioner voluntarily dismissed his first petition "after acknowledging that he could not carry his burden of proof at an evidentiary hearing").

The Court concludes that, even if it granted Defendant's Request to Withdraw, any future Section 2255 petition will have to be treated as a successive petition. As Defendant acknowledged, he did not file the Request to Withdraw until after the Government had filed its response to the 2255 Motion. *See* Dkt. No. 634, PgiID 6204 ("I realize that this request is late considering the fact that the government has already tendered its response."). Accordingly, the Court finds that Defendant sought to withdraw the 2255 Motion only because, "after seeing the scant arguments in light of the governing law, . . . it was not in [his] best interest to file the motion." For these reasons, the Court denies Defendant's Request to Withdraw.

## B. 2255 Motion

Defendant contends that he received ineffective assistance of counsel because:

> Defendant was not advised by counsel of all of his rights related to plea negotiations and entry of pleas, to wit, that he had the right to petition the court to accept an Alford v. North Carolina plea;[1] therefore defendant's plea was not entered knowingly and voluntarily. Further, defendant was not advised that he had the right to petition the court to have the condition of admission to a prior state offense to which defendant was acquitted removed from defendant's plea agreement; therefore defendant's plea was not knowing and voluntary.

[Dkt. No. 622, PgID 6143]

Defendant's contentions lack merit. First, Defendant did not have the right to enter an *Alford* plea. There is no constitutional right to plead guilty, nor must a court to accept an *Alford* plea. *Santobello v. New York*, 404 U.S. 257, 262 (1971); *Alford*, 400 U.S. at 38. An *Alford* plea requires the agreement of the Government and Defendant – and the Court's acceptance of that agreement. The Court notes the Government is not obligated to offer a defendant a guilty plea, and there is no indication in the record that the Government offered Defendant an *Alford* plea. Accordingly, the Court concludes that Defendant's counsel could not have been ineffective in failing to petition the Court to accept a non-existent *Alford* plea. Second, there is no evidence that the failure to enter a *Alford* plea prejudiced

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1969).

Defendant. According to the Government, in order to enter an *Alford* plea, Defendant would have had to forfeit the dismissal of the murder count that accompanied his Rule 11 plea agreement. Absent the dismissal of the murder count in the Indictment, Defendant would have been subject to a mandatory life sentence, which is a sentence far greater than the Rule 11 plea agreement permitted or imposed by the Court.

Third, Defendant is mistaken when contending that his counsel was ineffective because Defendant "was not advised that he had the right to petition the court to have the condition of admission to a prior state offense to which defendant was acquitted removed from defendant's plea agreement." The Court had no authority to modify the plea agreement the parties presented to the Court. *See* F.R.Cr.P. 11(c)(1) ("[The government and the defendant's attorney [or *pro se* defendant] may discuss and reach a plea agreement. The court must not participate in these discussions."). The Court can only "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." F.R.Cr.P. 11(c)(3)(A).

Defendant next contends that he was subjected to "prosecutorial vindictiveness" when:

> Defendant was forced to make an admission to a prior state offense of which he was acquitted in exchange for a plea agreement from the

> prosecutor; as such defendant's plea was not entered into knowingly, voluntarily and free of force or coercion. Said state offense was not related to any of the instant charges and could have been used to enhance sentencing in this matter. Defendant was told that he could not enter a plea without admitting to a matter for which he stands acquitted and further defendant was promised that the subject admission would not be publish[ed] to the general public. One day after the defendant made the forced admission the item was published to the news media in violation of the prosecutors agreement.

[Dkt. No. 622, PgID 6144]

Aside from ineffective assistance of counsel claims, a petitioner generally is procedurally barred from raising claims in a Section 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *U.S. v. Frady*, 456 U.S. 152, 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). "Where a defendant has procedurally defaulted on a claim by failing to raise it on direct review, the claim may be raised for the first time on habeas <u>only if the defendant can first demonstrate either 'cause and actual prejudice' or that he is 'actually innocent.'</u>" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (emphasis added); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982) (applying the same standard to a challenge brought under 28 U.S.C. § 2255). A defendant must show "a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v.*

*United States*, 157 F.3d 427, 430 (6th Cir. 1998). The bar which a claimant faces is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

The Court finds that Defendant procedurally defaulted any claim that his plea was not valid. Although Defendant filed a direct appeal regarding the Court's order granting a motion to strike Defendant's *pro se* motion because Defendant was represented by counsel, Defendant did not file an appeal challenging the validity of his plea or previously object that the plea was unknowingly or involuntarily given or was given due to force or coercion. The Court also notes that Defendant has not offered any evidence: (1) of "a fundamental defect in the proceedings;" (2) of good "cause" excusing his procedural default and "actual prejudice" resulting from that error; or (3) to establish that Defendant is "actually innocent" of the charges for which he was convicted pursuant to his guilty plea. Finally, the Court has reviewed the transcript of Defendant's plea hearing. [Dkt. No. 616] The Court thoroughly questioned Defendant whether he was entering into the plea agreement knowingly, voluntarily, willingly, and without force or coercion by the Government or anyone else. [Dkt. No. 616, PgID 6086-6108] Defendant responded in the affirmative to all of those questions, and the record

unequivocally establishes that Defendant entered into a valid plea agreement, including with respect to Defendant accepting responsibility for the deaths of Kiontae Atkins and Catherine Blain. [Dkt. No. 413, PgID 2538; Dkt. No. 631, PgID 6178] Accordingly, the Court concludes that Defendant is not entitled to relief on his second claim (prosecutorial vindictiveness).

For the reasons set forth above, the Court DENIES Defendant's 2255 Motion and concludes that no evidentiary hearing is necessary.

**IV. Conclusion**

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Dkt. No. 622] is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Request to Withdraw the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Dkt. No. 634] is **DENIED**.

IT IS FURTHER ORDERED that Civil Case No. 19-10097 (the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255) is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS ORDERED.

                                    s/Denise Page Hood
                                    DENISE PAGE HOOD
DATED: May 22, 2019          United States District Judge