UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,      Criminal Case No. 16-20062
v.      Civil Case No. 19-10097
    HON. DENISE PAGE HOOD
JEROME ADAM HAMILTON,

    Defendant-Petitioner.
_____/

## ORDER DENYING DEFENDANT'S REQUESTS TO ALLOW AMENDMENT OF 28 U.S.C. § 2255 MOTION [#642, 661]

On May 1, 2017, pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to Counts 1 and 5 of the Superseding Indictment. [Dkt. No. 413] The undersigned imposed the agreed upon sentence of 360 months on January 12, 2018, with Judgment entered on February 13, 2018. [Dkt. No. 554] On January 10, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). [Dkt. No. 622] The Government filed a response on March 14, 2019.  In a letter dated March 29, 2019 and filed on April 8, 2019, Defendant requested that the 2255 Motion be withdrawn (the "Request to Withdraw"). [Dkt. No. 634] The Government filed a response to the Request to Withdraw, and Plaintiff filed a reply to the Government's response.  On May 22, 2019, the Court denied both the Request to Withdraw and the 2255 Motion.

On June 21, 2019, Defendant submitted a letter to the Court, indicating that the Court did not address his alternative request to amend his 2255 Motion when denying the Request to Withdraw. [Dkt. No. 642] On October 16, 2019, Defendant submitted a second letter to the Court, this time asking the Court to address his June 21, 2019 letter. [Dkt. No. 661] This Order addresses the request to amend.

The Court has reviewed the Request to Withdraw. In the Request to Review, Defendant stated, "If this court is not inclined to grant my request to withdraw the motion, I would ask for leave to amend the motion with an additional claim that m[a]y very well have legal merit." Dkt. No. 634, PgID 6204. Defendant did not, however, identify the basis for that additional claim.

The Request to Withdraw was dated March 29, 2019 and filed on April 8, 2019. For that reason, even if the Court were to treat Defendant's ambiguous assertion as another Section 2255 claim, that additional (new) claim would have been untimely because it was filed more than one year after his Judgment became final on February 13, 2018. *See* 28 U.S.C. § 2255(f)(1); *United States v. Smith*, 2015 WL 5729114, at *3 (E.D. Mich. Sept. 30, 2015) (citing *Oleson v. United States*, 2001 WL 1631828 *3 (6th Cir. Dec.14, 2001); *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir.2002)) ("they are entirely new arguments that do not relate back to any of the claims in his original § 2255 motion. . . . Amendments that

seek to add new legal theories or present new claims based on different factual underpinnings are not permitted."); *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("a party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired").

In his May 14, 2019 filing [Dkt. No. 639], Defendant proposed that the Court could equitably toll the statute of limitations to allow him to assert the additional (new) claim. Even assuming that such tolling is permissible (Defendant did not cite any authority), Defendant asserts that his additional (new) claim is based on the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 584 U.S. __, 138 S.Ct. 1204 (2018). But, *Sessions v. Dimaya* was issued on April 17, 2018, more than eight months before Defendant filed the 2255 Motion, so there is no excuse for Defendant's failure to include that claim in the 2255 Motion. For that reason, the Court finds that the interests of justice would not justify tolling the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1) to allow Defendant to add a claim based on *Sessions v. Dimaya.*

Accordingly, the Court DENIES Defendant's requests to amend his 2255 Motion to add a claim. [Dkt. Nos. 642, 661]

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: December 9, 2019        United States District Judge